

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1952

Hon. Sam W. Davis          Opinion No. V-1415
District Attorney
Houston 2, Texas       Re:  Authority of the commis-
                            sioners' court to expend
                            county funds to pay ex-
                            penses for members of the
                            county juvenile department
                            to attend a national con-
                            ference of juvenile agen-
Dear Sir:                   cies.

     You have requested an opinion of this of-
fice with regard to the authority for payment of
the expenses of members of the county juvenile de-
partment ". . . while attending State or National
meetings of Institutes or Conventions which have a
direct bearing on juvenile problems."

     It was held in Attorney General's Opinion
O-810 (1939) that Article 3899, V.C.S., providing
for payment of "all reasonable expenses necessary in
the proper and legal conduct" of various district and
county offices did not include expenses incurred by
the various officers in attending their respective
officers' conventions. In this opinion it was said:

> "We are unable to find any statutory
> authority authorizing the commissioners'
> court to pay the expenses of the above named
> officers to their respective officers' con-
> ventions, and though reasonable in amount,
> under the statutes referred to, such ex-
> penses would not under the authorities cited
> be 'necessary in the proper and legal con-
> duct of their respective offices.'"

     This opinion has been repeatedly followed
in subsequent opinions which hold that a county can-
not, in the absence of statutory authority, pay the
expenses incurred by an officer while attending a
convention. Att'y Gen. Ops. O-2117 (1940), O-4483
(1942), O-5275 (1943), O-5298 (1943), O-6599 (1945),
O-6920 (1946), and V-738 (1948).

In Attorney General's Opinion O-5275 (1943), a question almost identical to that presented in your inquiry was asked by the county auditor of Tarrant County.  It was there held that the commissioners' court of Tarrant County was not authorized to expend county funds for the purpose of paying expenses of the members of the Tarrant County juvenile department in attending national conventions of juvenile agencies.  This holding was based upon a lack of statutory authority for such an expenditure.

The statute involved in Opinion O-5275 was Article 5142b, V.C.S.  The statute here involved is Article 5142a, V.C.S., but we are unable to find any difference in statutory language which would permit the payment of such expenses to members of the probation department of Harris County.  It is therefore our opinion that Opinion O-5275 is applicable to your question.

In view of the foregoing, we agree with your conclusion that the commissioners' court has no authority to defray the expenses of members of the probation department of Harris County in attending national conventions of juvenile agencies.

## SUMMARY

The Legislature has not granted the commissioners' court of Harris County the authority to defray expenses of the probation department of Harris County in attending national conventions of juvenile agencies.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant